### In re RUBICON U.S. REIT, INC., et al., Debtors.[1]

### No. 10–1016–(BLS).

United States Bankruptcy Court, D. Delaware.

June 18, 2010.

1. The "Debtors" in these cases, along with the last four digits of their federal tax identification numbers, are: Rubicon U.S. REIT, Inc. (3829); Rubicon GSA II, LLC (1728); Rubicon GSA II Alameda, LLC (3031); Rubicon GSA II Baltimore, LLC (8907); Rubicon GSA II Beacon Station Miami, LLC (4746); Rubicon GSA II Boise BLM, LLC (6547); Rubicon GSA II Boise INS, LLC (3007); Rubicon GSA II Centennial Tacoma, LLC (9395); Rubicon GSA II Fresno, LLC (2062); Rubicon GSA II Kansas City, LLC (9685); Rubicon GSA II New Orleans, LLC (8365); Rubicon GSA II Richmond, LLC (5612); Rubicon GSA II Duncan Plaza Portland, LLC (9256); and Rubicon GSA II Santa Clara, LLC (5547).

Elizabeth Ashley Tucker, Stephen W. Spence, Phillips, Goldman & Spence, P.A., Wilmington, DE, Patrick A. Jackson, Young Conaway Stargatt & Taylor, LLP, Wilmington, DE, Peter Alan Zisser, Squire, Sanders & Dempsey LLP, New York, NY, for Rubicon US Reit, Inc.

*FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER 11 U.S.C. § 1129(a) AND (b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 302 CONFIRMING THE RUBICON NOTEHOLDERS' THIRD AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR RUBICON U.S. REIT, INC. AND ITS AFFILIATED DEBTORS*

BRENDAN L. SHANNON, Bankruptcy Judge.

TABLE OF CONTENTS

*Page*

INTRODUCTION ....................................................173

DISCLOSURE STATEMENT AND SOLICITATION .............................173

PLAN CONFIRMATION ...............................................173

FINDINGS OF FACT AND CONCLUSIONS OF LAW ..........................174
 (A) Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)) ......................................................174
 (B) Commencement and Joint Administration ..............................174
 (C) Judicial Notice ...................................................174
 (D) Burden of Proof ..................................................174
 (E) Transmittal and Mailing of Materials; Notice .........................174
 (F) Plan Supplement...................................................175
 (G) Classes Deemed to Have Accepted the Plan ............................175
 (H) Classes Deemed to Have Rejected the Plan ............................175
 (I) Classes Supporting the Plan .........................................175
 (J) Bankruptcy Rule 3016(a) ...........................................175
 (K) Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)) ............175
 (1) Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)) ...............175
 (2) Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)) ................175
 (3) Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)) ........175
 (4) No Discrimination (11 U.S.C. § 1123(a)(4)) ...........................175
 (5) Implementation of Plan (11 U.S.C. § 1123(a)(5)) .......................176
 (6) No Issuance of Non–Voting Securities (11 U.S.C. § 1123(a)(6) ...........176
 (7) Designation of Directors (11 U.S.C. § 1123(a)(7)) ......................176
 (8) Additional Plan Provisions (11 U.S.C. § 1123(b)) ......................177
 (9) Cure of Defaults (11 U.S.C. § 1123(d)) ..............................177
 (L) Proponent's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).....177
 (M) Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)) ....................177
 (N) Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).....177
 (O) Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)) ..................177
 (P) No Rate Changes (11 U.S.C. § 1129(a)(6)).............................178
 (Q) Best Interests of Creditors (11 U.S.C. § 1129(a)(7)) .....................178
 (R) Acceptance of Certain Classes (11 U.S.C. § 1129(a)(8)).....................178
 (S) Treatment of Administrative, Priority Tax and Other Priority Claims (11 U.S.C. § 1129(a)(9)) ..............................................178

(T) Acceptance By Impaired Classes (11 U.S.C. § 1129(a)(10)) ................178
(U) Feasibility (11 U.S.C. § 1129(a)(11)) .....................................178
(V) Payment of Fees (11 U.S.C. § 1129(a)(12)) ..............................179
(W) Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)) ...................179
(X) Sections 1129(a)(14), 1129(a)(15)and 1129(a)(16) .........................179
(Y) Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)).........179
(Z) Principal Purpose of the Plan (11 U.S.C. § 1129(d)).......................179
(AA) Good Faith Solicitation (11 U.S.C. § 1125(e)) ...........................180
(BB) Executory Contracts and Unexpired Leases ............................180
(CC) Adequate Assurance......................................................180
(DD) Rejected Contracts.......................................................180
(EE) Approval of Settlements and Compromises ............................180
(FF) Objections ..............................................................180
(GG) Mediation Agreement ..................................................181
(HH) Rule 54(b) Judgment ...................................................181
(II) Satisfaction of Confirmation Requirements ..............................181
(JJ) Retention of Jurisdiction ...............................................181

DECREES ......................................................................181

1. Notice ................................................................181
2. Confirmation ........................................................181
3. Record Closed .......................................................182
4. Objections ..........................................................182
5. Plan Classification Controlling .......................................182
6. Binding Effect.......................................................182
7. Vesting of Assets (11 U.S.C. § 1141(b) and (c))..........................182
8. Objection to Claims .................................................182
9. Disputed Claims .....................................................183
10. Assumption or Rejection of Executory Contracts and Unexpired Leases
 (11 U.S.C. § 1123(b)(2))..............................................183
11. Rejection of RAL Advisory Agreement ................................183
12. Bar Date for Rejection Damage Claims ...............................183
13. General Authorizations ..............................................183
14. Authorization in Connection with the Issuance of Plan Securities ............184
15. Rights and Powers of Reorganized Debtors ...........................184
16. Corporate, Limited Liability Company or Related Actions ..................185
17. Effective Date Transactions .........................................185
18. Securities Laws Exemption ..........................................185
19. Agreements and Plan Supplement.....................................185
20. Governmental Approvals Not Required ...............................186
21. Filing and Recording ................................................186
22. Exemption From Certain Taxes ......................................186
23. Final Fee Applications...............................................186
24. Administrative Claims ...............................................187
25. Settlements ..........................................................187
26. Distributions ........................................................187
27. Discharge............................................................187
28. Releases .............................................................188
29. Exculpation .........................................................189
30. Injunction ...........................................................189
31. Direction to Cooperate ..............................................189
32. Term of Injunctions and Automatic Stay ..............................190
33. No Res Judicata Effect ..............................................190
34. Nonoccurrence of Effective Date .....................................190
35. Discharge of Professionals ..........................................190
36. Notice of Entry of Confirmation Order and Effective Date ................190
37. Authorization to Consummate .......................................190
38. Applicable Non–Bankruptcy Law ....................................191
39. Final Order .........................................................191

40. Severability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 191
41. Reference to Plan Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 191
42. Headings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 191
43. Conflicts Between Order and Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 191
44. Stay of Confirmation Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 191
45. Separate Confirmation Orders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 191

## INTRODUCTION

The Rubicon Noteholders,[2] as proponents (collectively, the **"Proponent"**), have proposed the *Rubicon Noteholders' Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for Rubicon U.S. REIT, Inc., and Each of Its Affiliated Debtors*, dated June 15, 2010 [Docket No. 465] (as may be further modified, supplemented, or amended in accordance with its terms and as modified on the record at the Confirmation Hearing, the **"Plan"**).[3] The Plan is attached as **Exhibit A** hereto.

## *DISCLOSURE STATEMENT AND SOLICITATION*

After a hearing held on June 18, 2010 (the **"Combined Hearing"**), the Disclosure Statement was approved by an Order of this Court, dated [TBI], 2010, as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code (the **"Disclosure Statement Approval Order"**) [Docket No. [TBI]].

The Disclosure Statement Approval Order also provides that (i) the Consent to Plan as Plan Proponent filed and served by each of the Rubicon Noteholders on May 10, 2010 [Docket Nos. 354, 355, and 356] shall be deemed to constitute the Rubicon Noteholders' vote to accept the Plan, (ii) the modified solicitation procedures with respect to Class 7 (Series B Preferred Equity Interests), which is the only other Impaired Class entitled to vote, is comprised of the holders of 100% of the Class 7 Equity Interests, and supports the Plan, shall be approved; and (iii) any other or further solicitation requirements set forth under the Bankruptcy Code and Bankruptcy Rules shall be waived in their entirety; and that, for the avoidance of doubt, the Rubicon Noteholders, as Proponent, need not send any solicitation materials to holders of claims in Classes 1 (Other Priority Claims), 2 (Secured Claims), 3 (Mechanics' Lien Claims) and 5 (General Unsecured Claims), and holders of Equity Interests in Classes 6 (Series A Preferred Equity Interests), 8 (Rubicon Common Equity Interests) and 9 (Other Equity Interests).

## *PLAN CONFIRMATION*

The Proponent filed (i) a memorandum of law in support of confirmation of the Plan, dated April 28, 2010 [Docket No. 340] (the **"Confirmation Memorandum"**), and (ii) a supplement to the Plan, dated April 23, 2010 [Docket No. 327] (as amended on June 15, 2010 [Docket No. 467] and

---

**2.** The "**Rubicon Noteholders**" are Debt II RB, L.P. and Debt–U RB, L.P. (affiliates of Starwood Capital Group Global, L.L.C), KJ Mandrake LLC (an affiliate of Kaufman Jacobs LLC), and JPMorgan Chase Funding Inc.

**3.** Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan, the Disclosure Statement, and/or the Disclosure Statement Approval Order (as defined herein). Any capitalized term

not defined in the Plan, the Disclosure Statement, the Disclosure Statement Approval Order, or this Confirmation Order, but that is used in title 11 of the United States Code, as amended (the "**Bankruptcy Code**") or the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

as may be further modified, supplemented or amended in accordance with the Plan, the "**Plan Supplement**").

Based upon this Court's review of the Disclosure Statement, the Plan, the Plan Supplement, and the Confirmation Memorandum; and this Court's review and consideration of all the evidence proffered or adduced at, memoranda filed in connection with, and arguments of counsel made at, the Combined Hearing; and the entire record of these Chapter 11 Cases; and after due deliberation thereon and good cause appearing therefor,

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY FOUND AND DETERMINED THAT:[4]

█ (A) *Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a) )*. This Court has jurisdiction over these Chapter 11 Cases pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

(B) *Commencement and Joint Administration*. On January 20, 2010, each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Each Debtor is authorized to continue operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and this Court's January 26, 2010 Order authorizing the joint administration of the Chapter 11 Cases [Docket No. 47]. No official committee of unsecured creditors, trustee, or examiner has been appointed.

█ (C) *Judicial Notice*. This Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases, including, but not limited to, the Combined Hearing.

█ (D) *Burden of Proof*. The Proponent has met the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence, which is the applicable evidentiary standard in the Bankruptcy Court. The Bankruptcy Court also finds that the Proponent has satisfied the elements of sections 1129(a) and (b) of the Bankruptcy Code by clear and convincing evidence.

(E) *Transmittal and Mailing of Materials; Notice*. The Disclosure Statement and the Plan were transmitted and served in compliance with the Disclosure Statement Approval Order, and the Bankruptcy Rules, and such transmittal and service was adequate and sufficient, and no other or further notice is or shall be required. All holders of Claims and Equity Interests, and all other parties in interest, were duly given notice of, and an opportunity to be heard in connection with, the Plan, pursu-

---

**4.** Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

ant to and in satisfaction of the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

(F) *Plan Supplement.* The documents identified in the Plan Supplement were filed as required and all other applicable orders, and federal, state, and local laws, rules and regulations (collectively, the "**Applicable** Laws"). Notice of such documents was good and proper in accordance with the Bankruptcy Code, Bankruptcy Rules and the Disclosure Statement Approval Order, and no other or further notice is or shall be required. The Proponent is authorized to modify the Plan Supplement in accordance with the Plan.

(G) *Classes Deemed to Have Accepted the Plan.* Classes 1 (Other Priority Claims), 2 (Secured Claims), 3 (Mechanics' Lien Claims), 5 (General Unsecured Claims), 6 (Series A Preferred Equity Interests), and 9 (Other Equity Interests) are unimpaired and are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

(H) *Classes Deemed to Have Rejected the Plan.* Class 8 (Rubicon Common Equity Interests) shall not receive or retain any property under the Plan and, therefore, is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

(I) *Classes Supporting the Plan.* Classes 6 (Series A Preferred Equity Interests), 7 Series B Preferred Equity Interests, and 8 (Rubicon Common Equity Interests) have each indicated their support for the Plan by filing statements in support of the Plan [Docket Nos. 331, 351, and 334, respectively].

(J) *Bankruptcy Rule 3016(a).* The Plan is dated and identifies the entity submitting it as the Rubicon Noteholders, which term is defined in the Plan, thereby satisfying Bankruptcy Rule 3016(a).

(K) *Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1) ).* The Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(1) *Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).* In addition to the Administrative Claims and Priority Tax Claims listed in Article II of the Plan, which need not be classified, the Plan designates nine (9) Classes of Claims and Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Equity Interests. The Plan satisfies sections 1122 and 1123(a)(i) of the Bankruptcy Code.

(2) *Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2) ).* Article IV of the Plan specifies that Classes 1 (Other Priority Claims), 2 (Secured Claims), 3 (Mechanics' Lien Claims), 5 (General Unsecured Claims), 6 (Series A Preferred Equity Interests), and 9 (Other Equity Interests) are unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(3) *Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3) ).* Article IV of the Plan designates Classes 4 (Global Note Claims), 7 (Series B Preferred Equity Interests), and 8 (Rubicon Common Equity Interests) as impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(4) *No Discrimination (11 U.S.C. § 1123(a)(4)).* The Plan provides for the same treatment by the Proponent for each

Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(5) *Implementation of Plan (11 U.S.C. § 1123(a)(5))*. The Plan and the Plan Supplement provide adequate and proper means for the Plan's implementation, including, among other things, (a) continued corporate existence of the Debtors as reorganized corporate entities after the Effective Date; (b) as of the Effective Date, all property of the estate of a Debtor, and any property acquired by a Debtor or Reorganized Debtor under the Plan, shall vest in such Reorganized Debtor, free and clear of all claims, liens, charges, other encumbrances, and interests; (c) the members, managing member and managers of each Reorganized Debtor (other than Reorganized Rubicon) will continue to serve in such capacity for each such Reorganized Debtor unless the Proponent otherwise designates, and the Proponent has designated and disclosed the initial board of directors of Reorganized Rubicon in the Plan Supplement; (d) except (i) for purposes of evidencing a right to distributions under the Plan, (ii) with respect to executory contracts or unexpired leases that have been assumed by any of the Debtors, (iii) as otherwise provided for in the Plan, or (iv) in any contract, instrument or other agreement or document created in connection with the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to Article IV of the Plan, all Rubicon Equity Interests and any promissory notes, other instruments evidencing any Claims, other than a Claim that is being reinstated and rendered unimpaired, shall be deemed canceled and of no further force and effect, without any further act or action under any applicable agreement, law, regulation, order or rule, and the obligations of the Debtors under the notes, share certificates and other agreements and instruments governing such Claims and Rubicon Equity Interests shall be discharged; (e) Reorganized Rubicon shall issue and deliver in accordance with the Plan, all Plan-related securities and documents, including the New Rubicon Common Stock and New Rubicon Notes; and (f) on or after the Effective Date, the Reorganized Debtors will enter into the REIT Management Agreement with the REIT Advisor, which agreement shall provide for, among other things, quarterly property management fees and incentives.

(6) *No Issuance of Non–Voting Securities (11 U.S.C. § 1123(a)(6))*. To the extent that this provision applies or a Debtor is a corporate entity, the Proponent has complied with its requirements. Reorganized Rubicon's charter will prohibit the issuance of non-voting equity securities and will therefore comply with this section of the Bankruptcy Code.

(7) *Designation of Directors (11 U.S.C. § 1123(a)(7))*. As set forth in Article V.2 of the Plan, the members, managing member and managers of each Reorganized Debtor (other than Reorganized Rubicon) will continue to serve in such capacity for each such Reorganized Debtor unless the Proponent otherwise designates. The Proponent has designated the initial board of directors of Reorganized Rubicon, the members of which are disclosed in the Plan Supplement. Similarly, Article V provides that the officers of the Debtors immediately prior to the Effective Date will serve as the initial officers of the respective Reorganized Debtors on and after the Effective Date and in accordance with any employment and severance agreements with the Reorganized Debtors and applicable non-bankruptcy law, unless

the Proponent designates replacement officers. On and after the Effective Date, the officers of each of the Reorganized Debtors will be determined by the applicable board of directors, member or managing member (as the case may be) of each Reorganized Debtor, as applicable and in accordance with each Reorganized Debtor's governing documents.

(8) *Additional Plan Provisions (11 U.S.C. § 1123(b) )*. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b).

■ (9) *Cure of Defaults (11 U.S.C. § 1123(d))*. Section 8.2 of the Plan provides that any monetary amounts, including interest, by which each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan is in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by Cure. If there is a dispute regarding (a) the nature or amount of any Cure, (b) the ability of any Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (c) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order by the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; *provided, however,* that the Debtors (with the written consent of the Proponent), the Proponent, or Reorganized Debtors, as applicable, shall be authorized to reject any Executory Contract or Unexpired Lease to the extent the Debtors (after consultation with the Proponent), the Proponent, or Reorganized Debtors, conclude that the amount of the Cure obligation as determined by such Final Order, renders assumption of such Executory Contract or Unexpired Lease unfavorable to the Debtors or Reorganized Debtors. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

(L) *Proponent's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))*. The Proponent has complied with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

■ (M) *Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))*. The Proponent has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Proponent's good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, and the hearings thereon, and the record of the Combined Hearing and other proceedings held in these Chapter 11 Cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' estates and to effectuate a prompt and successful reorganization of the Debtors.

(N) *Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))*. Any payment made or to be made by any of the Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

(O) *Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))*. The Proponent has complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliations of the persons proposed to serve as the initial managers of the Reorganized Debtors and the initial board of directors of Reorganized Rubicon after confirmation

of the Plan have been fully disclosed in the Plan Supplement.

(P) *No Rate Changes (11 U.S.C. § 1129(a)(6))*. Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

(Q) *Best Interests of Creditors (11 U.S.C. § 1129(a)(7))*. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis attached to the Disclosure Statement and other evidence proffered or adduced at the Combined Hearing (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each holder of an impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

■ (R) *Acceptance of Certain Classes (11 U.S.C. § 1129(a)(8))*. Classes 1 (Other Priority Claims), 2 (Secured Claims), 3 (Mechanics' Lien Claims), 5 (General Unsecured Claims), 6 (Series A Preferred Equity Interests), and 9 (Other Equity Interests) of the Plan are Classes of unimpaired Claims that are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code and therefore satisfy section 1129(a)(8) of the Bankruptcy Code. Classes 4 (Global Note Claims) and 7 (Series B Preferred Equity Interests) are impaired but all holders of Claims and Equity Interests in such Classes have consented to and accepted the Plan. Thus, section 1129(a)(8) is satisfied with respect to Classes 4 (Global Note Claims) and 7 (Series B Preferred Equity Interests). Section 1129(a)(8) has

not been satisfied with respect to Class 8 (Rubicon Common Equity Interests) which will not receive any property under the Plan and, therefore, is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Nevertheless, the Plan is confirmable because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to Class 8 (Rubicon Common Equity Interests), as described below.

(S) *Treatment of Administrative, Priority Tax and Other Priority Claims (11 U.S.C. § 1129(a)(9))*. The treatment of Administrative Claims and Priority Tax Claims pursuant to Article II of the Plan and the treatment of Other Priority Claims pursuant to Article IV of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code, as all such Claims will be paid in full in Cash on the Effective Date.

(T) *Acceptance By Impaired Classes (11 U.S.C. § 1129(a)(10))*. As set forth in the Consent to Plan as Plan Proponent [Docket Nos. 354, 355, and 356], the Proponent holds all of the Claims in Class 4 (Global Note Claims) and has accepted the Plan. Accordingly, at least one Rubicon Impaired Class has accepted the Plan, determined without including any acceptance of the Plan by any insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

(U) *Feasibility (11 U.S.C. § 1129(a)(11))*. The Disclosure Statement, Plan, Plan Supplement, Confirmation Memorandum, and all evidence proffered or adduced at the Combined Hearing (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debt-

ors, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

(V) *Payment of Fees (11 U.S.C. § 1129(a)(12))*. All fees payable under section 1930 of title 28 of the United States Code have been paid or will be paid on and after the Effective Date, and thereafter as may be required, for each Debtor until entry of a final decree with respect to such Debtor, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

(W) *Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))*. The Debtors do not pay retiree benefits as defined in section 1114 of the Bankruptcy Code. Thus, section 1129(a)(13) of the Bankruptcy Code does not apply to these Chapter 11 Cases.

(X) *Sections 1129(a)(14), 1129(a)(15) and 1129(a)(16)*. The Debtors do not owe any domestic support obligations, are not individuals and are not nonprofit corporations. Therefore, sections 1129(a)(14), 1129(a)(15) and 1129(a)(16) of the Bankruptcy Code do not apply to these Chapter 11 Cases.

(Y) *Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))*. The classification and treatment of Claims and Equity Interests in the Plan is proper and complies with section 1122 of the Bankruptcy Code.

▮▮▮ Based upon the evidence proffered, adduced or presented by the Proponent at the Combined Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to each Impaired Class, as required by section 1129(b)(1) of the Bankruptcy Code. The Plan satisfies the "fair and equitable" requirement notwithstanding that Class 8 (Rubicon Common Equity Interests) is deemed to reject the Plan because no class that is junior to Class 8 (Rubicon Common Equity Interests) will receive any property on account of Equity Interests in such class, as there is no class junior to Class 8 (Rubicon Common Equity Interests). Similarly, no Class junior to Class 7 (Series B Preferred Equity Interests) will receive any property on account of Equity Interests in such class, as the only class junior to Class 7 (Series B Preferred Equity Interests) is Class 8 (Rubicon Common Equity Interests) which is receiving no distribution. Class 9 (Other Equity Interests) is not junior to Class 7 (Series B Preferred Equity Interests) or Class 8 (Rubicon Common Equity Interests), but rather, holds Equity Interests in different entities. Accordingly, the Plan is "fair and equitable" with respect to Classes 7 (Series B Preferred Equity Interests) and 8 (Rubicon Common Equity Interests) and therefore satisfies the requirements of section 1129(b)(2)(C) of the Bankruptcy Code. Further, Class 7 (Series B Preferred Equity Interests) and Class 8 (Rubicon Common Equity Interests) are dissimilar from every other Class receiving distributions or retaining property under the Plan, because Class 7 consists of Series B Preferred Equity Interests and Class 8 consists of Rubicon Common Equity Interests. No other Class contains Series B Preferred Equity Interests or Rubicon Common Equity Interests, and the only other equity retained under the Plan is by holders of Series A Preferred Equity Interests and Other Equity Interests as discussed above. Therefore, the Plan does not unfairly discriminate with respect to Class 7 (Series B Preferred Equity Interests) or Class 8 (Rubicon Common Equity Interests).

(Z) *Principal Purpose of the Plan (11 U.S.C. § 1129(d))*. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

(AA) *Good Faith Solicitation (11 U.S.C. § 1125(e)).* Based on the record before the Bankruptcy Court in these Chapter 11 Cases, the Proponent, the Released Parties, the RAT Released Parties, and the Exculpated Parties have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Article XI of the Plan.

(BB) *Executory Contracts and Unexpired Leases.* The Proponent has exercised its reasonable business judgment in determining that the Debtors should assume the Executory Contracts and Unexpired Leases described in section 8.1 of the Plan. The assumption of each such Executory Contract or Unexpired Lease shall be legal, valid and binding upon the applicable Debtors and Reorganized Debtors and all non-Debtor entities party to such Executory Contracts or Unexpired Leases, all to the same extent as if such assumption had been authorized and effectuated pursuant to a separate order of the Bankruptcy Court that was entered pursuant to section 365 of the Bankruptcy Code prior to Confirmation.

(CC) *Adequate Assurance.* Each non-Debtor entity party to an assumed Executory Contract or Unexpired Lease has been provided adequate assurance of future performance for each of the Executory Contracts or Unexpired Leases, as applicable. The Debtors or Reorganized Debtors have cured or provided adequate assurance that the Reorganized Debtors will promptly cure defaults, if any, under or relating to each of the executory contracts or unexpired leases.

(DD) *Rejected Contracts.* The Proponent has exercised its reasonable business judgment in determining which Executory Contracts or Unexpired Leases the Debtors should reject, as described in Section 8.3 of the Plan. As provided in Section 8.3 of the Plan, to the extent not already accomplished, the Debtors will notify RAL on the Confirmation Date, by letter substantially in the form attached hereto as **Exhibit B,** of the termination of the RAL Advisory Agreement based on defaults of RAL and other good reasons. The RAL Advisory Agreement will be rejected pursuant to Section 8.3 of the Plan, effective as of the Confirmation Date.

(EE) *Approval of Settlements and Compromises.* Pursuant to section 363 of the Bankruptcy Code, Bankruptcy Rule 9019, and any Applicable Laws, and as consideration for the distributions, transactions and other benefits provided under the Plan, all settlements and compromises of Claims and Equity Interests embodied in the Plan constitute good faith compromises and settlements of Claims and Equity Interests, and such compromises and settlements are fair, equitable, reasonable and appropriate in light of the relevant facts and circumstances underlying such compromises and settlements, and are in the best interests of the Debtors, their Estates and holders of Claims and Equity Interests.

(FF) *Objections.* No objections to the Plan were filed. On May 5, 2010, the Noteholders filed a Certificate of No Objection to approval of the Disclosure Statement and confirmation of the Plan [Docket No. 349]. On May 11, 2010, the Debtors filed the Motion for an Order (I) Appointing a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) to Operate Debtors and Investigate Certain Matters and (II) Inval-

idating Any Noteholders' Affirmative Vote for Such Trustee (**"Trustee Motion"**). Although the Debtors never filed an objection to Plan confirmation, at the hearing on May 17, 2010, the Court observed that the bad faith arguments in the Trustee Motion constituted an objection to plan confirmation. Pursuant to the Mediation Agreement (as defined below), the Debtors filed a notice of withdrawal of the Trustee Motion on June 14, 2010. There are no other objections to the Plan.[5]

(GG) *Mediation Agreement.* On June 8, 2010, the Bankruptcy Court entered an order confirming as mediator the Honorable Judith H. Wizmur, Chief Judge of the United States Bankruptcy Court for the District of New Jersey. On June 11, 2010, the Noteholders and the Debtors participated in a mediation which resulted in a settlement (the **"Mediation Agreement"**). Among other things, the Debtors agreed to (i) withdraw the Trustee Motion and the accompanying declaration of Andrea Unterberger; (ii) support Confirmation of the Plan; (iii) a reduction in professional fees; and (iv) the resignation of Squire, Sanders & Dempsey LLP as Debtors' counsel. The Rubicon Noteholders agreed to (i) provide releases in the Plan for the Debtors' directors, officers and professionals, (ii) include in the Disclosure Statement a statement from the Debtors (which the Debtors subsequently waived their right to include), and (iii) not object to Professional Fee Claims submitted by certain of the Debtors' Advisors up to the aggregate amount of $2.2 million. The Mediation Agreement is without prejudice to, and does not affect the right of, any party in interest other than the Rubicon Noteholders to object to the fees and costs of any

Professional that is subject to Bankruptcy Court approval.

(HH) *Rule 54(b) Judgment.* To the extent Rule 54(b) of the Federal Rules of Civil Procedure (as incorporated by Bankruptcy Rule 7054 made applicable to this proceeding pursuant to Bankruptcy Rule 9014) is or may be applicable, there is no just reason for delay of entry of a separate and final judgment confirming the Plan pursuant to section 1129 of the Bankruptcy Code with respect to each of the Debtors.

(II) *Satisfaction of Confirmation Requirements.* The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

(JJ) *Retention of Jurisdiction.* The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article X of the Plan and section 1142 of the Bankruptcy Code.

### DECREES

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. *Notice.* Notice of the Disclosure Statement and Combined Hearing was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and complied with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

2. *Confirmation.* The Plan, including the Plan Supplement and all other documents and agreements necessary to implement the Plan are approved and confirmed under section 1129 of the Bankruptcy Code.

---

5. On April 23, 2010, REIT Administration, LLC, on behalf of the holders of the Series A Preferred Equity Interests, filed an objection to approval of the Disclosure Statement and confirmation of the Plan [Docket No. 318], which objection was withdrawn pursuant to that certain Notice of Withdrawal and Statement of Support [Docket No. 331], dated April 26, 2010.

3. *Record Closed.* The record of the Confirmation Hearing is closed.

4. *Objections.* All Objections to confirmation of the Plan that have not been withdrawn, waived, or settled are hereby overruled on the merits.

5. *Plan Classification Controlling.* The classifications of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.

6. *Binding Effect.* Upon the occurrence of the Effective Date, the Plan and the Plan Supplement shall immediately be effective and enforceable and deemed binding upon the Debtors, the Reorganized Debtors, the Disbursing Agent, the Indenture Trustee, any entity acquiring or receiving property or a distribution under the Plan and any holder of a Claim against or Equity Interest in the Debtors, including all governmental entities (including without limitation all taxing authorities), whether or not the Claim or Equity Interest of such holder is impaired under the Plan, whether or not the Claim or Equity Interest is Allowed and, to the fullest extent under applicable law, whether or not such holder or entity has accepted the Plan. The rights, benefits and obligations of any entity named or referred to in the Plan or the Plan Supplement shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign, if any, of such entities.

7. *Vesting of Assets (11 U.S.C. § 1141(b) and (c)).* Except as otherwise provided in the Plan, each Debtor shall continue to exist after the Effective Date as a separate corporate entity or limited liability company or partnership, with all the powers of a corporation or limited liability company or partnership under applicable law and without prejudice to any right to alter or terminate such existence (whether by merger, dissolution, or other-wise) under applicable state law. Pursuant to Section 11.1 of the Plan, on the Effective Date, all of the property and assets of the Debtors and all Causes of Action, including, without limitation, any Claims against RAL and its current and former officers, directors, attorneys, and financial advisors in connection with or related to its management and/or control of the Debtors and any transactions or agreements among or between them and the Debtors including, without limitation, the RAL Advisory Agreement, shall automatically revest in the Reorganized Debtors, free and clear of all Claims, Liens and Equity Interests. The Reorganized Debtors (directly or through the Disbursing Agent) shall make all distributions under the Plan. Thereafter, each Reorganized Debtor may operate its business and may use, acquire, and dispose of such property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Court. As of the Effective Date, all such property of each Reorganized Debtor shall be free and clear of all Claims, Liens and Equity Interests, except as specifically provided in the Plan or the Confirmation Order, and the Reorganized Debtors shall receive the benefit of any and all discharges under the Plan. Without limiting the foregoing, each Reorganized Debtor may (but is not required to) pay the charges that it incurs on or after the Effective Date for professional fees and expenses, disbursements, expenses, or related support services (including fees relating to the preparation of professional fee applications) without application to, or approval of, the Bankruptcy Court.

8. *Objection to Claims.* Except insofar as a Claim is Allowed under the Plan, the Proponent, the Debtors, and the Reorganized Debtors shall be entitled to object to any Claims. Any objection to Claims shall be served and filed on or before the latest

of (a) sixty (60) days after the Effective Date, (b) forty-five (45) days after a Claim is filed with the Bankruptcy Court or (c) such date as may be fixed by the Bankruptcy Court.

9. *Disputed Claims.* Holders of Claims and Equity Interests are not required to file proofs of claim with the Bankruptcy Court and shall be subject to the Bankruptcy Court process only to the extent provided in the Plan. On and after the Effective Date, except as otherwise provided herein, all Claims shall be paid in the ordinary course of business of the Reorganized Debtors. If the Debtors, the Proponent, or Reorganized Debtors dispute any Claim, such dispute shall be determined, resolved or adjudicated, as the case may be, in a manner as if the Chapter 11 Cases had not been commenced and shall survive the Effective Date as if the Chapter 11 Cases had not been commenced; *provided, however,* that the Debtors and/or the Proponent may elect, each at their sole option, to object under section 502 of the Bankruptcy Code with respect to any proof of claim filed by or on behalf of a holder of a Claim.

10. *Assumption or Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).* Except as otherwise provided for in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, pursuant to Section 8.1 of the Plan, as of the Effective Date, each Debtor shall be deemed to have assumed each Executory Contract and Unexpired Lease to which it is a party unless such Executory Contract or Unexpired Lease (a) was previously assumed or rejected upon motion by a Final Order, (b) previously expired or terminated pursuant to its terms, or (c) is the subject of any pending motion or dispute, including to assume, to assume on modified terms, to

reject, to terminate pursuant to its terms, or to make any other disposition filed by the Debtors on or before the Confirmation Date.

11. *Rejection of RAL Advisory Agreement.* The RAL Advisory Agreement is hereby rejected pursuant to Section 8.3 of the Plan and section 365 of the Bankruptcy Code, effective as of the Confirmation Date. To the extent not already accomplished, the Debtors are hereby ordered to notify RAL on the Confirmation Date, by letter substantially in the form attached hereto as **Exhibit B,** of the termination of the RAL Advisory Agreement based on defaults of RAL and other good reasons.

12. *Bar Date for Rejection Damage Claims.* Pursuant to Section 8.4 of the Plan, if the rejection of an Executory Contract or Unexpired Lease pursuant to Section 8.3 of the Plan results in a Claim, then such Claim shall be forever barred and shall not be enforceable against the Debtors or Reorganized Debtors or any of their properties unless a proof of claim is filed and served upon counsel to the Proponent and the Reorganized Debtors within ten (10) days after the date of entry of an order authorizing the rejection of such Executory Contract or Unexpired Lease or such other date as the Court may order. For the avoidance of doubt, if RAL does not file a proof of claim and serve it on counsel to the Proponent and Reorganized Debtors within ten (10) days of the date on which this Order is entered, then any Claim of RAL arising from or related to the rejection of the RAL Advisory Agreement shall be forever barred and shall not be enforceable against the Debtors or Reorganized Debtors or any of their properties.

13. *General Authorizations.* All documents and agreements necessary to implement the Plan, including, without limitation, those contained in the Plan

Supplement, which are incorporated into and are a part of the Plan, and all other relevant and necessary documents and agreements are in the best interests of the Debtors, the Estates and the holders of .Claims and Equity Interests and have been negotiated in good faith and at arm's-length. The Proponent has exercised reasonable business judgment in determining to enter into all such documents and agreements and has provided sufficient and adequate notice of such documents and agreements to parties in interest. The Reorganized Debtors are authorized, and the Debtors are authorized and directed, to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the transactions contemplated by and the terms and conditions of the Plan on and after the Effective Date, in each case without the need for any further authorizations by any executive committees, boards of directors or others, and without the need for any other actions or approvals that might be required under any limited liability company agreement, articles of incorporation, bylaws or similar governance document for any Debtor. The Debtors and the Reorganized Debtors and their respective directors, officers, members, agents, attorneys and any other authorized representatives are authorized and empowered to issue, execute, deliver, file, or record any agreement, document, or security, including, without limitation, the documents contained in the Plan Supplement, as modified, amended, and supplemented, in substantially the form included therein, and to take any action necessary or appropriate to implement, effectuate, and consummate the Plan and the transactions contemplated there-

by in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to the Plan, and any release, amendment, or restatement of any bylaws, certificates of incorporation, or other organization documents of the Debtors, whether or not specifically referred to in the Plan or the Plan Supplement, without further order of the Court or any other authorization other than this Order, and any and all such actions taken by one or more Debtors shall be binding on every Debtor, and any or all such documents shall be accepted by each of the respective state filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law. holders of Claims or Equity Interests in the Debtors are authorized and directed to take or cause to be taken, on or prior to the Effective Date, all actions that are necessary to implement effectively the provisions of the Plan.

14. *Authorization in Connection with the Issuance of Plan Securities.* Without limitation on the general authorizations provided for in this Order and the Plan, each of the Debtors is authorized and directed, and each of the Reorganized Debtors and the Proponent are authorized to take all actions necessary or desirable in furtherance of the issuance of the New Rubicon Common Stock and the New Rubicon Notes.

15. *Rights and Powers of Reorganized Debtors.* Upon the Effective Date, the Reorganized Debtors shall be vested with the rights and powers granted to the Debtors pursuant to section 1107(a) of the Bankruptcy Code with respect to the allowance, treatment or avoidance of liens, Claims or Equity Interests that remain unresolved as of the Effective Date. Fur-

thermore, on the Effective Date, the Estate assets of the Debtors shall be transferred to the respective Reorganized Debtors, and the ownership interests in each of the Reorganized Debtors, to the applicable Reorganized Debtor or Debtors (in each case, unless the Proponent directs otherwise), free and clear of all Claims, liens, interests, encumbrances and other liabilities including, without express or implied limitation, Claims against or Equity Interests in the Debtors, to the full extent permitted pursuant to sections 105, 363, 1123, 1129 and 1141 of the Bankruptcy Code, except as otherwise provided in the Plan.

16. *Corporate, Limited Liability Company or Related Actions.* Each of the matters provided for by the Plan involving the corporate structure of the Reorganized Debtors, or corporate, limited liability company or related actions to be taken by or required of the Reorganized Debtors shall, as of the Effective Date, be deemed to have occurred and be effective as provided in the Plan, and shall be authorized, approved and, to the extent taken prior to the Effective Date, ratified in all respects without any requirement of further action by any party. On the Effective Date, adoption by the Reorganized Debtors of their articles of incorporation, partnership agreements, operating agreements or other similar documents, as applicable, copies of or forms of which have been included in the Plan Supplement, shall be deemed to have occurred. Also on the Effective Date, the merger, consolidation, divestiture or other reorganization of the legal structure of the Debtors, pursuant to those documents included in the Plan Supplement, shall be deemed to have occurred. All such actions shall be deemed to have occurred and shall be in effect from and after the Effective Date pursuant to applicable non-bankruptcy law and the Bankruptcy Code, without any requirement of further action by the managers, partners, stockholders, administrators, agents, officers or directors of the Debtors. The Debtors and the Reorganized Debtors are hereby authorized to execute and deliver the agreements, documents and instruments contemplated by the Plan in the name and on behalf of the Debtors and to take all necessary and appropriate actions to effectuate the transactions contemplated by the Plan, in each case without any further authorization or approval, with all such agreements, documents and instruments to be effective on the Effective Date (unless a later date is specified).

17. *Effective Date Transactions.* Based upon the record of the Chapter 11 Cases, the transactions contemplated by Article V of the Plan are hereby authorized and approved without the need for any further corporate action.

18. *Securities Laws Exemption.* The issuance of the New Rubicon Common Stock pursuant to the Plan shall be exempt from any securities laws registration requirements to the fullest extent permitted by section 1145 of the Bankruptcy Code.

19. *Agreements and Plan Supplement.* Entry of this Confirmation Order constitutes the approval of all documents contained in the Plan Supplement (collectively, the **"Agreements"**) and any amendments, modifications, and supplements thereto (to the extent consistent with the terms of the Plan as the Proponent may approve), each of which shall be deemed adopted by the Reorganized Debtors and effective as of the Effective Date, and the execution, delivery, and performance thereof by the Reorganized Debtors, are authorized. The Reorganized Debtors are authorized to implement the Agreements without the necessity of shareholder or member approval as may be required under any applicable

law. Without need for further order or authorization of the Bankruptcy Court, the Proponent and Reorganized Debtors are authorized and empowered to make any and all modifications to any and all documents included as part of the Plan Supplement.

20. *Governmental Approvals Not Required.* This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

 21. *Filing and Recording.* This Confirmation Order is and shall be binding upon and shall govern the acts of all persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.

22. *Exemption From Certain Taxes.* Pursuant to section 1146(a) of the Bankruptcy Code, (a) the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of any other lien, mortgage, deed of trust or other security interest, or (c) the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, pursuant to, in furtherance of or in connection with this Plan or the sale or transfer of any assets of the Debtors or the Estates, and any deeds, bills of sale or assignments executed in connection with the Plan or the Confirmation Order, shall not be subject to any stamp tax, transfer tax, intangible tax, recording fee, or similar tax, charge or expense to the full extent provided for or allowed under section 1146(a) of the Bankruptcy Code.

23. *Final Fee Applications.* All final requests for payment of Professional Fee Claims pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on counsel to the Proponent, the Reorganized Debtors, the U.S. Trustee, and other necessary parties in interest no later than thirty (30) days after the Final Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to such applications must be filed and served on counsel to the Proponent, the Reorganized Debtors, the U.S. Trustee, and the requesting Professional or other Entity on or before the date that is fifteen (15) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable application was served. This Confirmation Order amends and supersedes any previously entered order of the Bankruptcy Court regarding procedures for the payment of Professional Fee Claims. A Professional Fee Claim, with respect to which a fee application has been properly filed and served pursuant to Article II of the Plan, will become an Allowed Professional Fee Claim only to the extent allowed by Final Order of the Bankruptcy Court, and will be paid in accordance with such Final Order. For the avoidance of doubt, the Mediation Agreement is without prejudice to,

and shall not affect the right of, any party in interest other than the Rubicon Note-holders, to object to the fees and costs of any Professional that is subject to Bankruptcy Court approval.

24. *Administrative Claims.* Pursuant to section 2.1(a) of the Plan, in addition to the Global Note Claims (Class 4), subject to the filing of a motion and approval of the Bankruptcy Court, the Rubicon Note-holders shall have an Allowed Administrative Claim pursuant to section 503(b)(3)(D) for the aggregate amount of reasonable professional fees and expenses (including, without limitation, fees and expenses of attorneys, financial advisors, and any consultants) incurred by the Rubicon Note-holders in connection with or related to the Chapter 11 Cases, including, without limitation, in connection with or related to the filing of the Chapter 11 Cases, the preparation of pleadings, the conduct of discovery, the preparation for and participation in hearings before the Bankruptcy Court, and the preparation of the Plan and Disclosure Statement.

25. *Settlements.* Any and all compromises or settlements reflected in the Plan, including the Plan Supplement, are hereby approved.

26. *Distributions.* Except as otherwise specifically provided in the Plan, the distributions, rights and treatments that are provided in the Plan shall be in full and complete satisfaction, discharge and release in accordance with the Plan. Distributions received under the Plan are in exchange for fair and reasonably equivalent value and do not constitute a fraudulent conveyance or transfer and are not otherwise avoidable under any provision of the Bankruptcy Code or applicable non-bankruptcy law.

27. *Discharge.* Pursuant to Section 11.2(a) of the Plan, except as otherwise provided herein or the Plan, to the fullest

extent permitted by section 1141(d) of the Bankruptcy Code, (x) the rights afforded herein and the payments and distributions to be made hereunder shall discharge all existing debts and Claims, and terminate all Rubicon Common Equity Interests, and (y) on the Effective Date, all existing Claims against the Debtors and all Rubicon Common Equity Interests and Series B Preferred Equity Interests shall be, and shall be deemed to be, discharged and terminated, and all holders of Claims, Rubicon Common Equity Interests and Series B Preferred Equity Interests shall be precluded and enjoined from asserting against the Debtors, the Reorganized Debtors and the Proponent, or any of their assets or properties, any other or further Claims, debts, rights, Causes of Action, or Equity Interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim or proof of Equity Interest. Further, pursuant to Section 11.2(b) of the Plan, except as otherwise provided herein or the Plan, to the fullest extent permitted by law, (x) all Persons or Entities who have held, now hold, or may hold Rubicon Common Equity Interests or Series B Preferred Equity Interests in or Claims against any of the Debtors and (y) all other parties in interest, along with their respective present and former employees, agents, officers, directors, principals, advisors and Affiliates, are permanently enjoined from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to such Claim against or Rubicon Common Equity Interests and Series B Preferred Equity Interests in the Debtors or the Reorganized Debtors, (ii) the enforcement, attachment, collection, or recovery by any manner or

means of any judgment, award, decree or order against the Debtors or the Reorganized Debtors, (iii) creating, perfecting or enforcing any encumbrance of any kind against the Debtors or the Reorganized Debtors, or (iv) asserting any right of setoff or subrogation of any kind against any obligation due from the Debtors or the Reorganized Debtors, with respect to such Claim, Rubicon Common Equity Interests or Series B Preferred Equity Interests. Such injunction shall extend to any successors of the Debtors and the Reorganized Debtors and their respective properties and interest in properties.

28. *Releases.* Pursuant to Section 11.4(a)(i) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors, and any Person or Entity seeking to exercise the rights of the Debtors' Estates, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Proponent, the Chapter 11 Cases, the Disclosure Statement or the Plan, and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors against the Released Parties.

Finally, pursuant to Section 11.4(a)(ii) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors, and any Person or Entity seeking to exercise the rights of the Debtors' Estates, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge the RAT Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Proponent, the Chapter 11 Cases, the Disclosure Statement or the Plan, and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors against the RAT Released Parties.

Additionally, pursuant to Section 11.4(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, (i) each holder of a Claim or an Equity Interest that votes in favor of the Plan, and (ii) to the fullest extent permissible under applicable law, as such law may be extended or interpreted after the Effective Date, each holder of a Claim or an Equity Interest that does not vote to accept the Plan (or is deemed to reject the Plan), shall be deemed to unconditionally forever release, waive and discharge each of the Debtors and the Released Parties,

from any and all claims, obligations, suits, judgments, damages demands, debts, rights, Causes of Action and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Proponent, the Chapter 11 Cases, the Disclosure Statement or the Plan; *provided, however*, that Section 11.4(b) of the Plan shall not operate as a waiver or release of any Causes of Action arising out of the willful misconduct, intentional fraud, or criminal liability of any such Person or Entity.

29. *Exculpation.* Pursuant to Section 11.5(a) of the Plan, except as otherwise provided herein, on the Effective Date, the Exculpated Parties shall neither have, nor incur any liability to any holder of a Claim or an Equity Interest, the Debtors, the Reorganized Debtors, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or Affiliates, or any of their successors or assigns, for any prepetition or postpetition act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions that are the result of intentional fraud, willful misconduct or criminal conduct; *provided, however*, that the foregoing exculpation shall not be deemed to, release, affect, or limit any of the rights

and obligations of the Exculpated Parties from, or exculpate the Exculpated Parties with respect to, any of the Exculpated Parties' obligations or covenants arising pursuant to the Plan or the Confirmation Order.

Additionally, pursuant to Section 11.5(b) of the Plan, notwithstanding any other provision of the Plan, no holder of a Claim or an Equity Interest, the Debtors, the Reorganized Debtors, no other party in interest, none of their respective agents, employees, representatives, advisors, attorneys, or Affiliates, and none of their respective successors or assigns shall have any right of action against any of the Exculpated Parties for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, negotiation, or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of intentional fraud, willful misconduct, or criminal conduct.

30. *Injunction.* Upon the entry of the Confirmation Order, the Debtors and all holders of Claims and Equity Interests and other parties in interest, along with their respective present and former employees, agents, officers, directors, principals or Advisors, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

31. *Direction to Cooperate.* Pursuant to section 1142 of the Bankruptcy Code, the Debtors and their officers, directors and Advisors are hereby ordered to cooperate fully with the Proponent and assist the Proponent with the implementation

and consummation of the Plan and the transition of management, including without limitation, by promptly complying with any reasonable requests for diligence by the Proponent and executing and delivering any and all agreements, instruments, or other documents that the Proponent reasonably requests in connection with the implementation and/or consummation of the Plan.

32. *Term of Injunctions and Automatic Stay.* Unless otherwise provided in the Plan, all injunctions or stays arising under section 105 or 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

33. *No Res Judicata Effect.* The entry of this Confirmation Order shall not have any res judicata or other preclusive effect with respect to any Causes of Action that are not specifically and expressly released by the terms of the Plan, and the entry of this Confirmation Order shall not be deemed a bar to asserting such Causes of Action.

34. *Nonoccurrence of Effective Date.* If the Effective Date does not occur, then (a) the Plan shall be null and void in all respects, (b) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain any Claim or Class of Claims), assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan, and any document or agreement executed pursuant to the Plan shall be deemed null and void, and (c) nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall (i) constitute or be deemed to constitute a waiver or release of any Claims against, or any Equity Interests in, the Debtors, or other claims by or against the Debtors, or any Person or Entity, (ii) prejudice in any manner the rights of the Debtors, the Proponent or any Person or Entity in any further proceedings involving a Debtor, or (iii) constitute an admission of any sort by the Debtors, the Proponent, or any other Person or Entity.

35. *Discharge of Professionals.* On the Effective Date, the Debtors' Professionals and agents shall be discharged from any further duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code, except with respect to obligations arising under confidentiality agreements, joint interest agreements and protective orders entered during the Chapter 11 Cases, which shall remain in full force and effect according to their terms. The Professionals retained by the Debtors and the respective members thereof shall not be entitled to compensation and reimbursement of expenses for services rendered to or on behalf of the Debtors after the Effective Date.

36. *Notice of Entry of Confirmation Order and Effective Date.* Pursuant to Bankruptcy Rules 2002(f), 2002(k) and 3020(c), on or before the tenth (10th) Business Day following the Effective Date, the Proponent shall electronically file with the Court and serve notice of entry of this Confirmation Order and occurrence of the Effective Date by causing notice of entry of the Confirmation Order and occurrence of the Effective Date to be delivered by email or first-class mail, postage prepaid, to all parties having been served with the Disclosure Statement Approval Order. The notice described herein is adequate under the particular circumstances and no other or further notice is necessary.

37. *Authorization to Consummate.* The entry of this Confirmation Order shall constitute authorization for the Proponent and direction for the Debtors to take or cause to be taken all corporate or other actions necessary or appropriate to consummate and implement the provisions of

the Plan prior to, on and after the Effective Date, and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court. On the Effective Date, all necessary corporate action by the Reorganized Debtors shall be deemed to have occurred. All such actions shall be deemed to have occurred and shall be in effect from and after the Effective Date pursuant to applicable non-bankruptcy law and the Bankruptcy Code, without any requirement of further action by the partners, members, stockholders, administrators, agents, officers or directors of the Debtors.

38. *Applicable Non–Bankruptcy Law.* Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan, the Plan Supplement, and all other documents and agreements necessary to implement the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

39. *Final Order.* This Confirmation Order is a final order and the period in which any appeal must be filed shall commence immediately upon the entry hereof.

40. *Severability.* Each term and provision of the Plan, as it may have been altered or interpreted by the Bankruptcy Court, is valid and enforceable pursuant to its terms.

41. *Reference to Plan Provisions.* The Plan is confirmed in its entirety as to each Debtor and is hereby incorporated into this Confirmation Order by reference (subject to any provision incorporated by such reference being governed by an express and contradictory provision herein). The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of, or otherwise affect, the validity, binding effect and enforceability of such provision, and each provision of the Plan shall have the same validity, binding effect and enforceability as if fully set forth in this Confirmation Order.

42. *Headings.* Headings utilized in this Confirmation Order are for convenience and reference only, and shall not constitute a part of the Plan or this Confirmation Order for any other purpose.

43. *Conflicts Between Order and Plan.* To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern. The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of this Court.

44. *Stay of Confirmation Order.* The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order is hereby waived. This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(d), or 7062.

45. *Separate Confirmation Orders.* This Confirmation Order is and shall be deemed a separate and final Confirmation Order with respect to each of the Debtors in each Debtor's Chapter 11 Case for all purposes. The Clerk of the Court is directed to file and docket this Confirmation Order in the Chapter 11 Case of each of the Debtors.

## Attachment I

### BANKRUPTCY

**Court: UNITED STATES BANKRUPTCY COURT, D. DELAWARE**

**Case Title: IN RE: RUBICON US REIT, INC.**

**Docket Number: 1:10BK10160 496**

**Date: 07/08/2010**

**Expert(s):**

**CV Date:**

| Mark the Correct Category | Document Label (LBL) or Category | | Document Description |
|---|---|---|---|
| | Trial Filings | _TF | Bankruptcy Filings |
| | Expert Witness Deposition | _ED | Expert Witness Depositions (Full / Complete) |
| | Expert Witness Transcript | _ET | Expert Witness Transcripts (Full / Complete) |
| | Partial Expert Witness Testimony | _EP | Partial Expert Witness Depositions or Expert Witness Transcripts |
| | Expert Witness Report or Affidavit / Declaration | _ER | Expert Witness Reports / Expert Witness Affidavits / Declarations |
| | Trial Memorandum | _TM | Motions / Memoranda |
| | Curriculum Vitae | _CV | Expert Curriculum Vitae/Resume |
| | Interrogatories | _IN | Questions to Interrogatories / Answers to Interrogatories |